Davis, P. J.
The motion for new trial on the ground of surprise was disposed of on conflicting affidavits relating to what occurred upon the trial, and upon the recollection of the justice who tried the case, as to what was said by himself in the course of the trial affecting the point in controversy between the counsel. Under such circumstances, we think we must regard the motion as rightly disposed of, and affirm the order. We think under the disposition made by the appeal from the judgment no costs of this appeal from the order should be granted.
The action was brought to set aside an assignment for the benefit of creditors, with preferences, alleged to have been made by the defendants Beecher, Johnson and Bailie to the defendant Henry Paine Bartlett. The complaint alleged that the defendants Beecher, Johnson and Bailie were copartners carrying on business in the city of New York under the firm name and style of Charles McCulloch Beecher & Co.; and after setting forth the recovery by plaintiffs of a judgment against said firm, and the issuing in due form of an execution thereon, and its return wholly unsatisfied, the complaint proceeded to allege as follows: “That after the contracting of the debt on which the aforesaid judgment was recovered, said, defendants Charles C. McCulloch Beecher, Prank R Johnson and Walter S. Bailie, on or about the 17th day of May, 1884, assigned all their property to the defendant Henry Paine Bartlett, in trust for the payment of their debts, which said assignment was recorded in the office of the clerk of the city and county of New York on the lfth day of May, 1884, and is made part of this complaint without setting forth the same at length.”
And after other allegations the complaint further averred “that the said assignment was made by the defendants Charles McCulloch Beecher, Prank E. Johnson and Walter S. Bailie with the intent to delay, hinder and defraud their creditors.”
• This last allegation, so far as it avers fraudulent intent, was put in issue by the answers of defendants; but the several allegations touching the making or execution of the assignment were admitted by not denying the same.
These pleadings presented an issue of fact upon the question of fraud, but on the question of the making, etc., *475 of the assignment by the several members of the firm that material allegation of the complaint, not being controverted by the answer, “must, for the purposes of the action, be taken as true.” Code of Civil Pro., § 522. There was no issue on that question to be tried, and neither party was at liberty to controvert the admitted allegations of the complaint. The question of fraudulent intent, however, was not tried. The case seems to have gone off entirely on the question whether the several copartners of the firm executed or assented to the execution of the assignment.
It was in fact executed in the firm name by one of the copartners. That fact in itself was not important because a sale or assignment of firm property may be made in that form; but when it is made in the form of an assignment for the benefit of creditors, it must, under the authorities, appear that the several copartners assented to or ratified the execution of the instrument. Some evidence was given tending to show that the several partners did not assent to or ratify the execution of the assignment, but this evidence was objected to on the ground in substance that the .pleadings established the due .execution. The court held that the question was an open one, and received the evidence offered, and on such evidence found that the assignment was not executed with the assent or ratification of all the copai’tners. The case was disposed of upon that ground, and the issue of fact presented by the pleadings, to wit., the alleged fraudulent intent was not tried at all. This we think was an error fatal to the judgment. It is not important to consider whether or not the evidence given was sufficient to justify a finding that the several co-partners did assent to or ratify the assignment (though it might be argued with much force that that was the case). The defendants were not bound to meet such an issue, and have been deprived of the effect of the pleadings as controlled by section 522 of the Code, and which must be taken as true for the purposes of the action.
The judgment must, therefore, be reversed and a new trial granted with costs of this appeal to the defendant to abide the event of the action.
Daniels and Beady, JJ., concur.